## WERNER v ROWLEY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1220. Decided Feb 6, 1934

Heald, Zimmerman, Clark & Machle, Dayton, and Wilbur E. Benoy, Columbus, for plaintiff in error.

Gus Byttner, Dayton, and Swaney & Creager, Dayton, for defendant in error.

## OPINION

By BARNES, J.

The petition in error sets out 16 separate, specific grounds of error. The first ground of error complained of is the overruling of motion for new trial which, of course, includes in its scope every other ground of error enumerated. Number 16 is the usual last ground "other errors appearing upon the face of the record."

Counsel for plaintiff in error in the first page of their brief set out in tabulated form a synopsis of the errors relied upon. We shall follow this synopsis rather than the petition in error.

Propositions I and II are grouped together and discussed at pages 1 to 26 inclusive. Number V and VI discussed at page 36 of the brief are kindred to I and II and all will be considered together.

The topic heads are set out as follows:

"I and II—Failure of the court to direct a verdict for defendant at conclusion of plaintiff's case, renewed at conclusion of all the evidence. The verdict is not sustained by any evidence. (pp. 16-26).

Plaintiff's negligence, irrespective of statutory or ordinance violation (pp. 16-20).

Duty of plaintiff to look before entering the south half of the street. (pp. 20-21).

Violation of §235, Dayton Ordinances (pp. 21-22).

Inference upon inference (pp. 22-25).

V—Verdict is contrary to weight of the evidence (p. 36).

VI—Conclusion—Final judgment for defendant should be entered. (p. 36)."

It appears from the record that defendant at the close of plaintiff's testimony interposed a motion to direct a verdict and this motion was renewed at conclusion of all the evidence. This claimed ground of error is preserved in the motion for new trial and is also set out in the petition in error. The determination of this ground of error requires a very careful reading of the record. In so doing we direct our attention to the following inquiries:

(1) Was there any evidence sustaining the allegation of the petition that the defendant was guilty of negligence in any of the particulars set out in the petition and, if so, is it shown that any such act of negligence was a proximate cause of the accident and resultant injuries?

(2) If the evidence supports any of the alleged claims of negligence and the proximate cause of the collision, then may it be said that the testimony giving its most favorable aspect to the plaintiff, show that he was guilty of contributory negligence as a matter of law?

(3) Was plaintiff guilty of negligence and was his negligence the sole cause of the accident?

If these questions are considered wholly in the light of defendant's theory each and all of the three propositions would be resolved in favor of the defendant.

If, as defendant claims, plaintiff was running diagonally across the street it would at once sufficiently explain why they did not see him and did not give any warning of their approach and even if the car was being operated at an excessive rate of speed that would not be a proximate cause of the accident. However, in view of the verdict of the jury we must scan the evidence and attending circumstances for all testimony supporting his claim as to how the accident happened. We have the testimony of plaintiff supported by another witness that he was crossing the street at the regular cross walk in compliance with the city ordinances and General Code of Ohio. He testifies that before starting across, he looked both ways and saw an automobile to the west at a point west of an alley, claims the distance was afterwards measured and found to be 430 feet; that he started across on the cross walk and just as he had reached the outer rail on the east bound track was struck by defendants' car. Under this situation the driver of the automobile should have seen him and avoided the accident. This would be evidence supporting all the acts of negligence set out in the petition.

Considering the question whether or not the plaintiff was guilty of contributory negligence in the light of his testimony, we can not so find as a matter of law. We base this conclusion upon the announcement of the Supreme Court in the case of **Trentman v Cox, 118 Oh St, 247**, syllabus 1:

"1. In an action for personal injury alleged to have been caused by a pedestrian being struck by an automobile upon a public highway, when attempting to cross a viaduct at a point where the public usually crossed in order to board the traction cars, the question whether the plaintiff, seeing

an automobile approaching from 65 to 80 feet away at an unlawful rate of speed, and misjudging its speed and crossing without again looking toward the automobile, was guilty of contributory negligence, was properly submitted to the jury."

A. reading of the entire case will disclose that it was urged in the reported case that the conduct of the injured person constituted negligence as a matter of law. Furthermore, the opinion in connection with the syllabus very positively announced that the court should not hold as a matter of law that the pedestrian must continue to look after starting across. If he looks before starting across and the motor vehicle is far enough away if moving at a lawful rate of speed to permit him to cross in safety is a question for the determination of the jury as to whether or not he was guilty of negligence in not looking again as he proceeded across.

Counsel for defendant raise the question that there is no direct evidence warranting the conclusion that the lights of the car seen by plaintiff 430 feet away was the automobile of the defendant. It is true that there is no direct testimony on this question, but in view of the evidence that the street was free from traffic at the time, together with the other attending circumstances would warrant the jury in concluding that the car he saw approaching was the same car that was involved in the accident. This would not be basing an inference upon an inference as urged by counsel for defendant. Considering the record as a whole, we are unable to conclude that the court was in error in refusing to direct a verdict.

On the question that the verdict is contrary to the weight of the evidence, we are precluded from considering this question. §11577 GC reads as follows:

"BUT ONE NEW TRIAL OR REVERSAL, WHEN. The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case."

We refer to the case of Cleveland R. R. Company v Trendel, 101 Oh St, 316, syllabus 3:

"3. Where the trial court has granted one new trial upon the weight of the evidence, and upon a second trial has overruled a motion for a new trial upon the same ground, for the reason that the court is prohibited by §11577 GC, from granting the second new trial upon that ground, and error is prosecuted to the Court of Appeals, that court is without power to weigh the evidence and determine whether the verdict was in fact against the weight of the evidence since there could be no error in that respect by the trial court."

Also Roef v Heil, 113 Oh St, page 113.

We might say in passing that if we were not precluded from considering the question of weight of the evidence we would possibly find it very difficult to sustain the verdict.

Subhead III on page 1 of plaintiff in error's brief is as follows:

"III—Error in permitting evidence of possible maximum speed of a 1928 model Ford Coupe.
Error in giving special instruction No. 1."

We think the court so limited this evidence at the time of its introduction that no possible prejudice could arise.

Special instruction No. 1 given to the jury before argument, in our judgment, is a correct statement of law and was applicable to the issues.

Under subhead IV page I of brief is the following:

"IV—Errors in the charge of the court, viz:
(a) Repetition.
(b) Charge relating to §298, Dayton Ordinances. Error in charging on §§12603 and 12603-1 GC.
(c) Error with regard to charging on 'closely built-up' portion of a municipal corporation.
(d) Error respecting charge on 'assured clear distance ahead.'
(e) Error respecting charge on §6310-34 GC.
(f) Error with respect to §275, Dayton Ordinances.
(g) Error in charge respecting equal rights of motorists and pedestrians."

The repetitions complained of can not possibly be considered as prejudicial. The court was desirous that the jury have a correct understanding of the principle of law involved and it is not unusual or improper for a court to make repetition. It sometimes happens that trial courts inadvertently give greater emphasis to the issues on one side than on the other and this

procedure has been criticized. This record shows no such situation.

We find no error in the court's charging on §298 of the city ordinances of Dayton together with §§12603 and 12603-1 GC. The statement made that these were police regulations enacted for the public safety and that a violation was negligence per se, in our judgment, is not an incorrect statement of the law. The trial court might properly have elaborated more fully on the provisions of the Code relative to a speed that is greater than is reasonable and proper for the width and general conditions of such road or highway together with the prima facie provisions. In the absence of any request to so charge this would not be error.

The case of McKinnon v Pettibone, 44 Oh Ap, 147 (11 Abs 721; 12 Abs 668), affirmed in the Supreme Court 125 Oh St, 605 differs in its facts from the instant case. In the cited case the trial court charged the jury that if they found that the defendant operated his automobile at a speed greater than 35 miles per hour or at a speed which was greater than was reasonable under the circumstances of this case, the plaintiff might recover, if the plaintiff himself was free from fault.

It very clearly appears from the decision both in the Court of Appeals and in the Supreme Court that these were the objectionable words, "speed greater than 35 miles per hour." In effect this was saying to the jury that a speed of 35 miles per hour was negligence per se. Of course, this is not the law. In the instant case the court told the jury that a violation of either of these sections or all of them would be negligence per se.

In order to constitute a violation, the proof must show that there is a violation of the section not some part of it. In testing the correctness of the rule, we must look to the section as to what would be a violation.

In reading the section the trial court omitted that portion of §12603 GC which stipulates the prima facie evidence of unlawful speeds. If the verdict had been for the defendant, the plaintiff could properly object to this omission. However, the omission would not be prejudicial to the defendant.

Counsel for plaintiff in error in their reply brief cite the case of Lazzaro v Hart, 45 Oh Ap, 368, (14 Abs 541). This case is reported in the Ohio Bar under date of October 23, 1933, decision being rendered April 17, 1933. In this later case decided by the Court of Appeals of Erie County,

the trial court was reversed on the sole ground of error of the court in its charge to the jury. The particular part of the charge found to be erroneous was in substantially the same language as in the instant case. We have considered the question very carefully and are unable to find ourselves in accord with the case of Lazzaro v Hart, supra.

Coming now to the complaint that the court failed to follow Traction Company v Conte, 122 Oh St, 514 on the question of "closely built-up." There is no question that the decision provides that the court shall determine whether or not the territory under the evidence is "closely built up." In the instant case this was left to the jury. The only evidence upon the question was the plat made to scale and introduced in evidence. It would show the territory to be "closely built up" and the court could properly have so stated to the jury. By reason of this fact there can be no prejudicial error since the jury could not possiby find under the prima facie provision of the statute any lesser speeds indicated.

We are unable to find any prejudicial error respecting the court's charge on §6310-34 GC. Referring to special requests 3 and 4 submitted to the jury before argument on request of counsel for defendant, the substance of this section was submitted as was also the ordinance of the City of Dayton on the same subject matter. The general charge did not go into the question with much detail but in view of the special request it was not necessary. We fail to see where the jury could be mislead in the court's statement that the section of the Code and §235 of the ordinances of the City of Dayton were practically identical. The obligation of the pedestrian to cross on the cross walks was clearly placed before the jury.

The assured clear distance ahead provision of §12603 GC was pertinent under the evidence and the court's charge thereon is free from error. The argument of counsel that the rule of assured clear distance ahead applies to the temporary or permanent obstructions of the highway and not to pedestrians is not supported in reason or by any authorities. We could not adopt or accept this claimed rule. We find nothing objectionable in the court's comment that the rights of the pedestrian and automobile driver are equal, if operating or using the street in conformity with the law. The quotation from Stewart v Clark, 126 Oh St, 263 is not in point when we examine the facts in the cited case. In this recent reported case there was not involved any

question of crossing the street. From the statement of the court it would appear that there was a cinder path paralleling the highway and that the injured person instead of remaining on the cinder path as required under §6310-34 GC was claimed to have traveled in other portions of the highway.

The final subhead under Subdivision VI, page 1 of brief of counsel for plaintiff in error is as follows:

"VI. Conclusion. Final judgment for defendant should be entered. (page 36)."

This subhead was commented upon in connection with I, II and V in an earlier part of this opinion. However, at this time we should say that we have examined very carefully the case of **Michalec v Hutchinson, 123 Oh St 494** and find many distinguishing features.

We find no prejudicial error. Judgment of the trial court will be affirmed at costs of plaintiff in error. Exceptions will be allowed. Entry will be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.