## POLSTER v KROUSE

Ohio Appeals, 2nd Dist, Franklin Co

No 2418. Decided June 28, 1934

Wilbur E. Benoy, Columbus, for plaintiff in error.

Robert T. Dunn, and Harford A. Toland, Columbus, for defendant in error.

MONTGOMERY, J, (5th Dist)
sitting by designation.

## OPINION

By MONTGOMERY, J.

Error is prosecuted to this court from a judgment rendered in the Court of Common Pleas of Franklin County against the plaintiff in error for damages due to injuries sustained by defendant in error when struck by an automobile.

The petition in error contains twenty specifications of alleged errors committed by the trial court. With one exception, all of these alleged errors were included in the motion for new trial and submitted to the trial court for his consideration.

We have given careful consideration to all these assigned errors and in connection therewith have read the opinion of the trial judge rendered in overruling the motion for new trial. That opinion is well considered and is complete. We could not improve upon it. We approve of his finding and the reasons therefor. We find no substantial error in the record before us.

There remains one matter only for consideration which was not presented to the trial court or passed upon by him. That is the matter of the questions propounded by counsel for plaintiff below to the jurors upon their voir dire. Under the holding of the Supreme Court in the case of Vega, Admr. v Evans, decided on June 20th, 1934, these questions were improper, and had objection been made, we should, without hesitation, hold that the trial court committed reversible error in permitting them. However, the record shows that no objection was raised at the time of the asking of these questions and no exception was taken. It is our view of the situation that by remaining mute when the questions were raised, plaintiff in error has waived any right now to object to them.

It follows, therefore, the judgment of the trial court will be, and the same is, affirmed.

Exceptions may be noted.

HORNBECK, PJ, and BARNES, J, concur.

## ON MOTION TO CERTIFY

Decided Aug 2, 1934

By THE COURT

The above entitled case is now being determined on motion of plaintiff in error for an order to certify the record to the Supreme Court of Ohio for review on the grounds claimed that the judgment of this court is in conflict with that of the Court of Appeals of Erie County, Ohio, in the case of **Lazarro v Hart, 45 Oh Ap 368 (14 Abs 541).**

Very able and comprehensive briefs have been submitted by counsel representing the respective parties on the motion.

In the Lazarro case, supra, the trial court read to the jury §§12603 and 12603-1, GC,

and then without further comment said to the jury, in substance, that the violation of these sections would constitute negligence per se. In the instant case the trial court made a very full, complete, and we think correct charge on the different phases of these speed statutes, and therein the case is to be distinguished from the Lazzaro case, supra. In these same particulars the instant case is to be distinguished from the case of **Werner v Rowley**, case number 1220 on the docket of the Court of Appeals of Montgomery County, (**16 Abs 522**) in which latter case certification was ordered, it being in conflict with the Lazarro case.

Personally, we would be very glad to lend our aid to a review in the Supreme Court, but being required to pass upon the question judicially we are unable to determine that there is conflict.

The motion to certify on the ground of conflict will be overruled.

HORNBECK, PJ, MONTGOMERY and SHERICK, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided Aug 7, 1934

By THE COURT

The above entitled cause is now being determined on application of plaintiff in error for rehearing.

In the original determination of this case we had in mind the Hamden case recently decided by the Supreme Court. It was our conclusion that the evidence was beyond the mere scintilla and of such a character as required the submission to the jury.

We have also examined the case of **Railway Company v Masterson, 126 Oh St 42**, and the Brock case also decided by the Supreme Court, but do not think that the principle there announced would call for a different conclusion under the facts in the instant case.

On the question of misconduct of counsel, the principle is recognized that in some instances objections are not necessary, nor can the error be cured by any ruling of the court. In the instant case the questions asked the jurors on the voir dire were not of this character. As held in our original opinion, we think that objections and exceptions should have been saved.

The motion for rehearing will be overruled.

HORNBECK, PJ, MONTGOMERY and BARNES, JJ, concur.