**READNOUR, Plaintiff-Appellee, v. CINCINNATI STREET RAILWAY COMPANY, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 7181. Decided January 10, 1950.

Peterman, Calhoun & McPherson, Cincinnati, for plaintiff-appellee.

Leo J. Brumleve, Jr., Cincinnati, for defendant-appellant.

## OPINION

By HILDEBRANT, J.:

This law appeal is taken by the defendant herein from an

adverse verdict and judgment for damages for personal injuries received in a collision between plaintiff's automobile and a street car of the defendant.

The first error assigned is as to the general charge.

One of the specifications of negligence in the petition is that defendant operated its street car at a rate of speed greater than was reasonable and proper under the circumstances and in violation of the State law and of Section 560-8 of the Ordinances of the City of Cincinnati, which ordinance was pleaded and proven.

One of the questions for the jury was whether the collision occurred in a business district, where the prima facie lawful speed limit contained in the Ordinance was 25 miles per hour, or in a residential district, where the prima facie lawful limitation was 35 miles per hour.

It, therefore, appears that the duty of the jury was to determine what was a reasonable and proper speed under the circumstances under complete instructions of the court, including instructions as to what speeds were prima facie lawful or unlawful in both the business and residential zones, as fixed by the ordinance.

Pertinent parts of the general charge of the court are:

"No person shall operate a motor vehicle, trackless trolley or street car in and upon the streets and highways at a speed greater or less than is reasonable and proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing;"

"Now then, with respect to speed, the statute continues: it shall be prima facie lawful for the operator of such an instrumentality to operate the same at a speed not exceeding the following: 35 miles per hour on highways within municipalities outside of business districts; 25 miles per hour in other portions of a municipal corporation. It shall be prima facie unlawful for any person to exceed any of the speed limitations in this or other sections of this act.

"Now you are going to have to determine ladies and gentlemen of the jury as another issue— and incidentally too, a necessary issue in this case—the question of whether or not this particular section of Erie Avenue in the City of Cincinnati within those two blocks as shown by the evidence, is a business district or' whether it is a residence district because if it is a residence district, then the prima facie limitation in this section is 35 miles per hour and if it is a business district, the prima facie speed limitation is 25 miles per hour as set forth in this section. The question

of whether this is a business or residence district is in dispute in this case. You must decide from the evidence under the rules which I have given you what district these particular blocks are in determining whether or not there was a violation of this statute with respect to the speed at which motor vehicles or street cars should be operated upon the highways."

"Now in determining whether he was or was not operating at a speed which was greater than was reasonable and proper under the circumstances in the case as set forth in the statute, you are to be guided by this provision, the prima facie rule. If it was a residence district, you would find that it was a residence district, then if he was going over 35 miles per hour or more, then that would be prima facie evidence, but only prima facie evidence of a speed that was greater than was reasonable and proper. IF IT WAS A BUSINESS DISTRICT AND HE WAS GOING 25 MILES AN HOUR OR MORE, then that would be prima facie evidence of the fact, but only prima facie evidence of a speed that was greater than was reasonable and proper.

"Prima facie evidence of a fact is such as, standing alone, proves the fact and is conclusive of that fact unless rebutted and explained by other evidence. Therefore if you find that the automobile, or that the street car—where I said several times I may have said automobile, I am referring to the street car operated by the motorman of the defendant company—THEREFORE IF YOU FIND THAT THE STREET CAR OF THE DEFENDANT COMPANY WAS BEING OPERATED AS I HAVE STATED TO YOU 35 MILES AN HOUR OR MORE, IF THAT IS A RESIDENCE DISTRICT OR 25 MILES AN HOUR OR MORE IF THAT IS A BUSINESS DISTRICT, such fact affords only prima facie evidence of a rate of speed that is greater than is reasonable and proper under the circumstances; such fact becomes conclusive unless met by evidence of equal or countervailing force."

It will be noted on reading the above otherwise excellent charge the court has included a correct charge on the subject of prima facie lawful and unlawful speeds, as set forth in the ordinance and also included in the capitalized portions of the charge an incorrect statement of the principle of law involved on the same subject matter. A correct statement also appears further on in the charge.

Where the court states both a correct rule and also an incorrect rule with reference to the same subject matter in a charge, our Supreme Court has said in **Bosjnak v. Su--**

perior Sheet Steel Co., 145 Oh St, 538, in the fifth paragraph of the syllabus:

"Generally, where, in instructing the jury, the court states a correct rule or principle of law and also states an incorrect rule or principle of law with reference to the same subject matter, no presumption arises that the correct rule was applied by the jury in the consideration of the issues presented, and the error in giving the incorrect rule will be deemed prejudicial."

And at page 550 it is stated:

"The charge of the court in other respects was complete and commendable, and the correct rule as to conduct and liability was stated elsewhere in the general charge. However, it is well settled in this state that where the trial court in one part of the instructions stated a correct principle of law and in another part with reference to the same subject matter stated an incorrect rule, or in different parts of its charge stated rules and principles contradictory of or inconsistent with each other, or gave more than one rule for determining the rights of a party, it cannot be presumed that the jurors were able to determine which of the conflicting declarations of the law by the court was the correct one, or the one that they should have followed, or that they ignored or disregarded the erroneous instructions given, and selected and applied the correct rule. 39 O. Jur., 929, Section 254; Montanari v. Haworth, 108 Oh St, 8, 140 N. E. 319; Marcoquiseppe v. State, 114 Oh St, 299, 151 N. E., 182; and Industrial Commission v. Ripke, 129 Oh St, 649, 196 N. E., 640."

The sixth paragraph of the syllabus in Westropp v. E. W. Scripps Co., 148 Oh St, 365, holds:

"Where in instructing the jury the court stated a correct rule or principle of law and also stated a prejudicially incorrect rule or principle of law with reference to the same subject matter, no presumption arises that the correct rule was applied by the jury in the consideration of the issue presented, and the error in giving the incorrect rule will be deemed prejudicial. (Paragraph five of the syllabus in the case of Bosjnak v. Superior Sheet Steel Co., 145 Oh St, 538, approved and followed.)"

This court recently applied the rule in Cohen v. Goodman, 85 Oh Ap, 85. The rule on conflicting and contradictory

instructions is further stated in the text of **39 O. Jur., p. 928, section 254.**

Apparently, conceding error in the criticized portions of the general charge—plaintiff-appellee contends it is so slight as to be only a trifle, hence, not to be noticed by this court as being within the maxim "de minimis non curat lex." We deem that maxim that the law does not concern itself with trifles refers to the subject matter of causes which the courts will notice and has no application in attempting to measure the degree or quantity of error in a charge to a jury.

By charging the prima facie lawful speeds as being unlawful, if those words may be considered to be diametrically opposed in meaning—the charge may be said to be completely wrong. Further, plaintiff-appellee, at page 3 of his answering brief, quotes the motorman as testifying the street car was going 25 miles per hour. If the jury considered the point of collision as being in other than a residential area of the city, it might well consider that evidence as an admission of a violation of the ordinance, in which case the error would clearly appear prejudicial.

Plaintiff-appellee further contends that the two issue rule applies to the several specifications of negligence so as to relieve against the error in the charge if it exists. They cite **Schmidt v. Kinney, 19 Abs 52,** decided May 6, 1935, and the recent case of **Knaff v. N. Y. Central R. R. Co., 55 Abs, 193,** Vol. XXII Ohio Bar of Nov. 21, 1949, No. 33, decided May 9, 1949, both by the Second District Court of Appeals, wherein that court applied the two issue rule to different specifications of negligence. In neither case, however, does that Court make any reference to the case of **H. E. Culbertson Co. v. Warden, 123 Oh St, 297,** wherein the second paragraph of the syllabus is:

"The rule declared in **Sites v. Haverstick, 23 Oh St, 626,** has no application to specifications of negligence, separately stated and numbered, but which in fact constitute a single negligent act resulting in a single loss and damage."

And, at page 302, the Court said:

"It is true that the petition alleged five specifications of negligence, which were separately stated and numbered: (1) Failure to place lights upon the plank; (2) permitting and suffering the plank to be placed where it was dangerous to travel; (3) negligence in failing to remove the plank; (4) failing to construct the poles, gates, and guards so that per-

sons using the highway would be informed of its dangerous condition; (5) failing to employ a watchman to warn the public of the existence of the obstruction.

"The majority of the Court of Appeals ·therefore adopted and applied the well-known rule which originated in **Sites v. Haverstick, 23 Oh St, 626,** and which has been followed in numerous subsequent cases. This rule as generally applied is that, where there are two causes of action or two defenses, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in favor of the successful party, it will be presumed that all issues were so determined; and that, where a single determinative issue has been tried free from error, error in presenting another issue will be disregarded.

"This rule has prevailed for approximately sixty years in all the courts of review of this state, and, while it has not met with universal favor, it has nevertheless been a settled rule, and in proper cases universally applied. It is not deemed expedient to further extend the operation of the rule, and the majority of this court are not willing to apply the rule where only a single cause of action for negligence is pleaded, involving a single damage, and therefore a single recovery, though there may be more than one specification of negligence.

"In the instant case, a careful examination of the five specifications of negligence discloses that, though they are separately stated and numbered, they constitute but a single specification of negligence. They might all have been stated in a single sentence by reciting that the defendants constructed poles and attached thereto an unlighted and unguarded plank which obstructed a portion of the traveled highway. It was evidently the theory of the majority of the Court of Appeals that the failure to guard by lights or watchman was an act of negligence separate and distinct from the existence of the plank. In this view we do not concur. There was but a single issue of negligence, and the error in the court's charge upon §§7472 and 13421 GC, was prejudicial."

The petition herein alleges defendant was negligent in the manner in which it operated its street car and then specifies six derelictions of duty. Our view is that but a single cause of action for negligence is stated, involving a single damage, for which there can be but one recovery, and, therefore, the two issue rule cannot apply, as held in the

Culbertson case. In so holding, we seem to be in direct conflict with the cited holdings of the Second District Court of Appeals, and this case is, therefore, certified to the Supreme Court of Ohio, for decision of that conflict.

This court is aware of the protracted history of litigation in this case and of its duty in according a presumption of validity to all judgments under review, so that litigation may not be unduly extended without substantial reason, but for the reasons stated above we feel bound to decide in conformity with the Supreme Court cases cited that the apparently inadvertent erroneous language in the charge constitutes prejudicial error.

We find no other error, prejudicial to the defendant-appellant in the record.

The instant judgment is therefore reversed and the cause remanded for further proceedings.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.