**FISHBACK, Plaintiff-Appellant, v. BALDASARRO et, Defendants-Appellees.**

No. 4654. Decided February 6, 1952.

**OPINION**

By THE COURT.

This is an appeal on questions of law from two orders of the Common Pleas Court of Franklin County:

First, in vacating and suspending during term a default judgment taken by plaintiff;

Second, in granting leave to defendants to file out of rule a demurrer to the interrogatories attached to the plaintiff's petition.

In our opinion the second order is not a final order from which an appeal may be taken.

An order vacating and suspending during term a default judgment is not a final order (**Green v. Acacia Mutual Life Insurance Company, 156 Oh St 1, OA 57 Abs 49**) unless an abuse of discretion is shown. Nowhere in appellant's assignments of error or brief is it contended that the court abused its discretion. The court is not legally required to consider errors which are not presented in appellant's brief. **Sec. 12223-21 GC.** However, the court in its discretion may consider and decide

errors which are not assigned or specified. Accordingly, the court does not choose to rest its opinion on the technicality that abuse of discretion has not been claimed, but will exercise its discretion and determine whether or not an abuse of discretion has been shown.

In support of the motion to vacate the judgment counsel for defendants filed his affidavit which stated that at the time the default judgment was taken counsel for plaintiff was attempting to compromise and settle the difficulties between plaintiff and defendants. Counsel for plaintiff filed a counter-affidavit denying that this was true. The trial court had before it these two affidavits, together with tendered answers of the defendants and affidavits of both defendants. Plaintiff claims that the answer tendered by each defendant was in the nature of a general denial and that more is required to be stated than simply a general denial, citing Canal Winchester Bank v. Exline, 61 Oh Ap 253 (Hornbeck, J.), the third syllabus of which holds:

"The prerequisites to an adjudication of a valid defense, in an action to vacate a judgment, require more than a general denial of the averments of the petition which would be sufficient to state a defense before judgment."

We are of the opinion that the tendered answers in which the defendants denied that the plaintiff had expended and paid to them the sum of $16,000.00 or any sum whatever in schemes of gambling, was more than a general denial.

The trial court had authority to vacate and suspend the judgment during term in the exercise of a sound discretion. In The First National Bank of Dunkirk, Ohio, v. Smith, 102 Oh St 120, the court in the second syllabus held:

"The procedure announced in Chapter 6, Division 4, Title IV, Part Third, of the General Code, entitled 'Other relief after judgment,' relates to the vacation and modification of judgments by the court, after the term at which they were made, and does not limit a court of general jurisdiction in the exercise of its control over its judgments during the term."

On page 123 the court in its opinion said:

"We find that in cases of this character the lower courts have followed a practice of holding that the procedure laid down in Chapter 6, supra, is the proper procedure to be followed upon an application to vacate or suspend a judgment made at the same term in which the judgment was rendered; and, further, that in some jurisdictions a rule of court exists making it necessary as a matter of practice to follow the procedure outlined in Chapter 6 in seeking to vacate or sus-

pend a judgment, where the application is made at the same term in which the judgment was rendered.

"We think this is a wholesome rule in furtherance of good practice, especially in reference to judgments taken on cognovit instruments and by confession. But we are constrained to hold that in the face of such a rule the court may not be limited or concluded to the grounds enumerated in §11631 GC; and, in the absence of such a rule of court, the court may not be limited or concluded by the method of procedure outlined in Chapter 6.

"We therefore hold that the court had control over this judgment during the term at which it was entered, and had the power to suspend it without reference to the method of procedure outlined in Chapter 6." (Emphasis ours.)

In the instant case a rule of court is not involved. In **Moherman v. Nickels, 140 Oh St 450**, the court in the first syllabus held:

"A court of general jurisdiction has control of its own orders and judgments during the term at which they are made or rendered, and the inherent power, in the exercise of a sound discretion, to vacate or modify them."

On page 455 the court in its opinion in referring to §11631 GC said:

"The action of the trial court in the instant case was taken at the same term and hence the Code section above mentioned does not specifically apply. There is no corresponding statutory authority granting the trial court power to vacate a judgment within the same term at which it was entered, but it is inconceivable that a court should have power to vacate its judgment after the term within which it was entered, and have no power to vacate one entered within the same term.

"At common law, a court of general jurisdiction has power to control its own orders and judgments during the term at which they are made or rendered, and the power, in the exercise of a sound discretion, to vacate or modify them. 31 American Jurisprudence, 272, Section 727. This is an inherent power of the court independent of any statutory authority therefor. 31 American Jurisprudence, 268, Section 718. The power of the trial court in this respect has been recognized by this court on numerous occasions."

(Numerous cases cited, including The First National Bank of Dunkirk, Ohio, v. Smith, supra.)

We are of the opinion that the trial court in the exercise of a sound discretion was justified in concluding that the defense as averred, if supported, constituted a valid defense to plaintiff's action.

We find no abuse of discretion in the action of the trial court.

Judgment affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.