*300
 
 Marshall, C. J.
 

 Plaintiff in error was indicted and tried in the court of common pleas of Cuyahoga county on charges of “shooting with intent to kill” and “shooting with intent to wound.” One of the issues of the case was self-defense, and competent evidence was introduced tending to support that defense. One of the errors complained of in the course of the trial was the charge of the court upon the issue of self-defense, as follows:
 

 “You are instructed that the danger which Marcoguiseppe is urging in support of his plea of self-defense must be actual, and that. Marcoguiseppe must have honestly believed that he was in danger of losing his own life or in suffering great bodily harm before he was justified in shooting Paul Griner, his alleged assailant. It is not enough that the defendant Marcoguiseppe honestly believed that there was imminent danger to himself.”
 

 It is conceded by counsel for the state that that portion of the charge which stated that the danger must be actual is erroneous, and that a greater burden was imposed upon defendant by that instruction than was proper.
 

 This is not a new proposition in criminal jurisprudence, and it has been settled by the uniform decisions of this and other states that in certain crimes against the person self-defense may be urged as a justification, where the accused in the careful and proper use of his faculties bona fide believes, and has reasonable grounds to believe, that he is in imminent danger of death or great bodily harm, and that his only means of escape from such danger lies in taking the life of his
 
 *301
 
 assailant, although in fact he is mistaken as to the existence or imminence of the danger. This proposition has clearly been declared by this court in the case of
 
 Marts
 
 v.
 
 State,
 
 26 Ohio St., 162. In the opinion by "Welch, J., it is stated that the fact of the existence of such danger is not an indispensable requisite. The instruction of the court in the instant case was therefore erroneous and prejudicial.
 

 Counsel for the state does not seriously contend the contrary, and only urges in support of the verdict and judgment that other portions of the entire charge correct the erroneous statement above quoted.
 

 We are of the opinion that, no matter how carefully the court may have stated the proper rule in other portions of the charge, the erroneous instruction upon a question so vitally affecting the defense could not be corrected without special reference to the erroneous statement, warning the jury against following the same. It has been repeatedly declared by this court, that, where the court states a correct rule, and in another portion of the charge states an incorrect, rule upon the same subject, and nothing further is stated to indicate to the jury which rule is to be followed, and there is nothing in the verdict of the jury to indicate which rule was in fact followed, no presumption arises that they have followed the correct rule, and the error will therefore be deemed to be prejudicial, and the verdict and judgment will therefore be reversed. This has been declared in the following cases:
 
 Pendleton St. Rd. Co.
 
 v.
 
 Stallmann, Adm’x.,
 
 22 Ohio St., 1;
 
 P., C. & St. L.
 
 
 *302
 

 Ry. Co.
 
 v.
 
 Krouse,
 
 30 Ohio St., 222;
 
 Ætna Ins. Co.
 
 v.
 
 Reed,
 
 33 Ohio St., 283;
 
 Little Miami Rd. Co.
 
 v.
 
 Wetmore,
 
 19 Ohio St., 110, 2 Am. Rep., 373;
 
 Cincinnati, Hamilton & Dayton Ry. Co.
 
 v.
 
 Frye,
 
 80 Ohio St., 289, 88 N. E., 642, 131 Am. St. Rep., 709;
 
 Montanari
 
 v.
 
 Haworth, 108
 
 Ohio St., 8, 140 N. E., 319. It must therefore be held that the error in the charge above complained of was prejudicial and ground for reversal.
 

 It is further complained that the defendant was tried jointly with another defendant, that both were found guilty, and both filed motions for new trial, and that, upon a hearing of the motions for new trial, that of the co-defendant of the accused was granted and that of the accused in this case was overruled. It is urged that, since the same evidence was introduced in the joint trial, both parties must have been equally affected by the evidence, and that therefore it was erroneous to give one a new trial without granting the motion of the other. We see no merit in this contention. No error can be prosecuted from a judgment of the court granting a new trial, and the reasons for granting a new trial to the co-defendant do not appear in this record. There are so many conceivable reasons for granting a new trial to one defendant without extending the same favor to the co-defendant that it would be impossible to enumerate them. Those reasons might rest upon either facts or law. Inasmuch as it does appear from the statement of counsel that the indictment against the co-defendant was finally nollied, it will be presumed that the court was moved in his case by considerations of fact. We therefore find neither
 
 *303
 
 error nor inconsistency in giving a new trial to one and refusing it to the other. This assignment of error must he overruled.
 

 For the reasons first stated, the judgment of the Court of Appeals and of the common pleas must he reversed, and the cause remanded for a new trial.
 

 Judgment reversed.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.