Day, J.
 

 This case was tried under the "Workmen’s Compensation Act as it existed prior to July 15, 1925. No question of appealability or jurisdiction was raised at any time.
 

 The Court of Appeals found prejudicial and reversible error “in those portions of the charge making it necessary to any recovery by plaintiff that he prove permanent total disability.”
 

 To reverse the judgment of the Court of Appeals the commission prosecutes error to this court and urges that the trial court did not err; that the charge was warranted by the issues raised by the pleadings; that if error intervened it was harmless; that the court submitted to the jury three forms of verdict and fully explained each in the light of statutory provisions governing the allowance of compensation for temporary total disability, impairment of earning capacity and permanent total disability; and that in view thereof the jury could not have been misled.
 

 One portion of the charge complained of is as follows: “Now, ladies and gentlemen of the jury, the admissions in the answer to the petition of the plaintiff and the denials in the answer practically places in issue in this case but one question for you to de
 
 *652
 
 termine, and that is this: whether or not the plaintiff who was injured on the first day of October, 1924, while employed by the public works department of the state of Ohio, in the construction of the Independence dam across the Maumee river in Defiance county, Ohio, has by reason of said injury become and is disabled and will continue to be so disabled during the rest of his life, and therefore the plaintiff in this case is entitled to participate in the insurance fund established by the Workmen’s Compensation Act of Ohio.”
 

 Later in the charge the court again reminded the jury that “before the plaintiff can recover a verdict at your hands finding that he is entitled to participate in the insurance fund * * * he must establish by a preponderance of the evidence these facts: That the plaintiff, by reason of the injury received on the first day of October, 1924, * * * ¿as become and is disabled and will continue to be so disabled during the rest of his life, in accordance with the sections of the law that I have hereinbefore designated” (these being Sections 1465-79, 1465-80 and 1465-81, General Code, covering awards for temporary disability, partial disability, and permanent total disability).
 

 These and other portions of the charge substantially placed upon the plaintiff as a condition precedent to any recovery the burden of proving that he was permanently injured. Such is not the legal requirement. For a court to place a condition upon plaintiff’s right to recover which the law itself does not impose is prejudicial error. “Where the court imposes upon an aggrieved litigant a greater burden of proof than the law requires, prejudice will be presumed.”
 
 Cleveland Ry. Co.
 
 v.
 
 Goldman, a Minor,
 
 122 Ohio St., 73, 170 N. E., 641.
 

 The commission’s claim that the charge complained of was justified by the pleadings is not well taken. The jury was not limited by the pleadings to a consideration of the permanency of plaintiff’s injuries. Under
 
 *653
 
 the law governing this case the jury had a right to find and make an award either for temporary total disability, impairment of earning capacity or permanent total disability, exactly as reflected by the three forms of verdict handed by the court to the jury. It is argued that the court explained these forms of verdict as well as the statutes applicable thereto. This did not, however, cure the error. There still remained in the charge the erroneous instruction that before plaintiff could recover he had the burden of proving that he was permanently injured. The court charged that “before the plaintiff can recover a verdict at your hands * * * he must establish by .a preponderance of the evidence * * * That * * * by reason of the injury received on the first day of October, 1924, *
 
 * *
 
 [he] has become and is disabled and will continue to be disabled during the rest of his life *
 
 *
 
 *.” It is reasonable to suppose that the jury inferred from this that plaintiff had no right to recover at all if it did not find permanent disability. The erroneous portions of the charge received emphasis through reiteration. They unquestionably impressed themselves upon the minds of the jury and, no doubt, influenced its deliberations. No positive attempt was made by the court to remove their prejudicial effect from the minds of the jury. The jury was at no time told which of the inconsistent instructions it was to follow and which to disregard. “The jurors are not presumed to be able to determine which of two conflicting declarations of the law by the court is correct.”
 
 Cleveland Ry. Co.
 
 v.
 
 Goodman, a Minor, supra,
 
 at page 80.
 

 In
 
 Marcoguiseppe
 
 v.
 
 State,
 
 114 Ohio St., 299, at 301, 151 N. E., 182, the opinion states: “It has been repeatedly declared by this court, that, where the court states a correct rule, and in another portion of the charge states an incorrect rule upon the same subject, and nothing further is stated to indicate to the jury which rule is to be followed, and there is nothing in the ver
 
 *654
 
 diet of the jury to indicate which rule was in fact followed, no presumption arises that they have followed the correct rule, and the error will therefore be deemed to be prejudicial, and the verdict and judgment will therefore be reversed.”
 

 The following authorities are to the same effect:
 
 Pendleton St. Rd. Co.
 
 v.
 
 Stallmann, Admx.,
 
 22 Ohio St., 1;
 
 Pittsburgh, Cincinnati & St. Louis Ry. Co.
 
 v.
 
 Krouse,
 
 30 Ohio St., 222;
 
 Aetna Ins. Co.
 
 v.
 
 Reed,
 
 33 Ohio St., 283;
 
 Little Miami Rd. Co.
 
 v.
 
 Wetmore,
 
 19 Ohio St., 110, 2 Am. Rep., 373;
 
 Cincinnati, Hamilton & Dayton Ry. Co.
 
 v.
 
 Frye,
 
 80 Ohio St., 289, 88 N. E., 642, 131 Am. St. Rep., 709;
 
 Montanari
 
 v.
 
 Haworth,
 
 108 Ohio St., 8, 140 N. E., 319.
 

 Consequently, we affirm the judgment of the Court of Appeals, holding that the trial court committed prejudicial and reversible error in its charge to the jury.
 

 A
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Matthias and Zimmerman, JJ., concur.
 

 Jones, J., not participating.