KENNEDY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

(No. 3784—Decided June 9, 1941.)

*Mr. Harry P. Hood* and *Mr. Verner E. Wardlaw,* for appellee.
*Mr. Percy R. Taylor,* for appellant.

CARPENTER, J.   This is an appeal on questions of law from a judgment for the plaintiff on an appeal to the Court of Common Pleas from an order of the Industrial Commission disallowing her claim for compensation.   Two assignments of error are urged.   The first is that the verdict and judgment are against the weight of the evidence.   On an examination of the whole record this assignment is not sustained.

The second assignment is that there was error in the charge of the court on the subject of the preponderance of the evidence.

In an instruction before argument and twice in the

general charge, the court told the jury in general terms that the burden of proof by a preponderance of the evidence was upon the plaintiff. Following the first one of these statements in the general charge, the court said:

"On the other hand, if you find by a preponderance of the evidence that plaintiff was not injured on or about the 9th day of December, 1938, or that her injuries did not arise out of and during the course of her employment, or that she was disabled because of injuries which she did not receive in the course of her employment, or that the disability of which she complains is not the direct and proximate result of injuries she suffered which arose out of and during the course of her employment, then it will be your duty to find in favor of the defendant."

This was wrong and placed an undue burden upon the defendant. Nowhere did the court in any way qualify or withdraw this statement of law. That this was prejudicial error has been said repeatedly by the Supreme Court as shown in *Industrial Commission* v. *Ripke,* 129 Ohio St., 649, 196 N. E., 640, and the decisions therein cited.

For this error, the judgment is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

OVERMYER and LLOYD, JJ., concur.