Hyneman et al., Appellants, *v.*
The Cash Register Service Company, Appellee.

[Cite as Hyneman v. Cash Register Service Co. (1980),
62 Ohio St. 2d 310.]

(No. 79-1069—Decided June 11, 1980.)

*Todia & Niehaus Co., L.P.A.,* and *Mr. William C. Todia,* for appellants.

*Messrs. Arter & Hadden* and *Mr. Hugh M. Stanley, Jr.,* for appellee.

*Per Curiam.* The sole issue before this court is whether the trial court, in giving the instruction regarding the duty of the jury "to ascertain the truth, the whole truth, and nothing but the truth *** as nearly as truth in human affairs have been ascertained," committed prejudicial error.

This court stated in paragraph three of the syllabus in *Cleveland Ry. Co.* v. *Goldman* (1930), 122 Ohio St. 73, that "[w]here the court imposes upon an aggrieved litigant a greater burden of proof than the law requires, prejudice will be presumed." Appellants argue that the instruction regarding the jury's duty to ascertain the truth imposed a greater burden of proof than the law requires and as a consequence was prejudicial error.

In paragraph three of the syllabus in *Snyder* v. *Stanford* (1968), 15 Ohio St. 2d 31, this court stated:

"Reversible error ordinarily can not be predicated upon one paragraph, one sentence or one phrase of the general charge to the jury. Where the court's charge to the jury, considered as a whole, is not prejudicial to the objecting party, no reversible error results from a misstatement or ambiguity in a portion thereof." This statement was based on a number of earlier decisions including *State* v. *Porter* (1968), 14 Ohio St. 2d 10; *Centrello* v. *Basky* (1955), 164 Ohio St. 41; and *Ochsner* v. *Cincinnati Traction Co.* (1923), 107 Ohio St. 33.

Ordinarily under this rule, an instruction which is clearly incorrect as to the law which should be applied cannot be corrected by a proper instruction unless the proper instruction clearly and specifically corrects or replaces the erroneous instruction. *Marcoguiseppe* v. *State* (1926), 114 Ohio St. 299,

301; *Montanari* v. *Haworth* (1923), 108 Ohio St. 8, 14; see, also, *Goldman, supra,* at page 80. If the proper instruction does not specifically correct or replace the incorrect instruction and it is impossible to determine which instruction the jury followed in making its decision, the court's charge, considered as a whole, must be found to be prejudicial to the objecting party. *Marcoguiseppe, supra.*

On the other hand, a misleading, ambiguous instruction can be corrected. It is not necessary to specifically correct or replace it; a proper instruction in and of itself can, under the proper circumstances, be found to have clarified any juror confusion making any error nonprejudicial. *Snyder, supra; Porter, supra.*

In the case at bar the trial judge was apparently attempting to instruct jurors philosophically as to their role in the judicial process. At worst, the jurors were confused by the remark because of its reference to truth, but such an assumption is speculative.

Consideration of the charge as a whole reveals that any confusion was cured. The remark was clearly set off from the court's remarks concerning the law to be applied in the case; the trial judge had asked for additions, deletions, or corrections, a discussion was had at the side bar, and he had begun to discuss jury deliberation procedure. No mention was made of standard of proof or of the preponderance of the evidence standard during that portion of the charge in which the alleged prejudicial instructions were given.

Appellants contend that the erroneous instruction in the case at bar is similar to the one found to be prejudicial by this court in *Cincinnati, Hamilton & Dayton Ry. Co.* v. *Frye* (1909), 80 Ohio St. 289. *Frye* involved an instruction on contributory negligence which stated: "[I]f the defendant has satisfied your minds by a preponderance of the evidence that***the plaintiff was guilty of negligence***the plaintiff cannot recover." This court held that the use of the word "satisfied" placed a higher degree of proof on defendant than the law demands and as a consequence was prejudicial error. The *Frye* instruction clearly related to burden of proof. In addition, there is no indication that any instruction clarifying the matter was given. This court's disposition of the remark in *Frye* is inappropriate here.

While we strongly encourage trial courts not to give ambiguous, potentially confusing instructions, we find that the remarks under scrutiny here did not constitute prejudicial error.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

W. BROWN, J., concurs in the judgment on the basis of paragraph four of the syllabus of *State* v. *Price* (1979), 60 Ohio St. 2d 136, and fn. 5, page 141.