[Cite as *State v. Thompson*, 2012-Ohio-3540.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-40 |
| KENNY E. THOMPSON | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Cambridge
                             Municipal Court,  Case No. 11CRB00692



JUDGMENT:                    Affirmed



DATE OF JUDGMENT ENTRY:      July 30, 2012



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM FERGUSON                      MICHAEL GROH
150 Highland Avenue                   919 Wheeling Avenue
Cambridge, OH 43725                   Cambridge, OH  43725

*Gwin, P.J.*

{¶1} Appellant Kenny E. Thompson ["Thompson"] appeals from the November 4, 2011 entry of the Cambridge Municipal Court convicting him after a bench trial of one count of unauthorized use of a motor vehicle.

## FACTS

{¶2} On April 29, 2011, the Ohio State Highway Patrol ["OSHP"] responded to a fatal accident that occurred in Guernsey County, Ohio. The decedent was Richard Grafton. The decedent's mother is Stacey Towe and the decedent's father is Mark Grafton. The decedent was operating a 2002 Kia motor vehicle that is the subject of this action.

{¶3} Two cars were involved in the fatal accident, including the 2002 Kia. Two separate towing companies were called to remove the vehicles from the scene, Lloyd's Towing and A & C Towing. The OSHP requires in every accident involving a fatality that the vehicles in question be taken to a locked building until their investigation is concluded. A & C Towing did not have such a facility and towed the 2002 Kia to the facility owned by Lloyd's Towing. The vehicles were towed approximately two miles from the crash scene to Lloyd's Towing facility.

{¶4} The OSHP concluded their investigation in approximately one week and notified the tow truck companies. A & C Towing retrieved the 2002 Kia vehicle. The OSHP did not make immediate notification to the family members of the victim that the vehicle had been released. Trooper Cunningham returned the original title to the 2002 Kia to the decedent's mother Stacey Towe approximately 2 weeks after the accident.

{¶5} While the Kia was at the indoor garage, Mark Grafton removed his son's personal items from the vehicle as well as the car's license plates.

{¶6} The Kia was subsequently spotted in the yard of the personal residence of Thompson. Thompson did not have the permission of Stacey Towe or Mark Grafton to be in possession of the vehicle.

{¶7} The owner of A & C Towing, Andrew Mizisin, believed that he had a mechanic's lien on the vehicle and he sold it to Thompson. A receipt reflecting that sale, dated May 9, 2011 was admitted at trial as Defendant's Exhibit 1. Testimony at trial was adduced that Lloyd McGuilton, the owner of Lloyd's Towing, had told Andrew Mizisin that Mark Grafton had stated that he wanted the towing company to keep the vehicle for the towing bill. However, prior to scrapping the vehicle, Thompson was told by Mizisin that he would need to contact Mr. Grafton and obtain permission and a title for the vehicle.

{¶8} Thompson scrapped the motor vehicle and retained the proceeds.

### PROCEDURAL HISTORY

{¶9} On June 9, 2011, a Complaint was filed in the Cambridge Municipal Court charging Thompson with one count of theft, a misdemeanor of the first degree in violation of R.C. 2913.02, and one count of unauthorized use of a motor vehicle, a misdemeanor of the first-degree in violation of R.C. 2913.03. This case proceeded to a bench trial on September 12, 2011. The Trial Court took the case under advisement at the conclusion of the presentation of the evidence to allow both sides to brief the applicable law in the case. Thompson filed a Memorandum on September 26, 2011, and the state filed a Supplemental Brief on September 23, 2011.

{¶10} The Trial Court held a sentencing hearing on November 4, 2011, finding Thompson not guilty of theft, but guilty of unauthorized use. Thompson was sentenced to pay a $250 fine.

*ASSIGNMENTS OF ERROR*

{¶11} Thompson raises two assignments of error,

{¶12} "I. THE DECISION OF THE TRIAL COURT CONVICTING APPELLANT OF UNAUTHORIZED USE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AS APPELLANT HAD PROPERTY RIGHTS TO THE VEHICLE.

{¶13} "II. THE DECISION OF THE TRIAL COURT CONVICTING APPELLANT OF UNAUTHORIZED USE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS APPELLANT HAD PROPERTY RIGHTS TO THE VEHICLE."

I & II

{¶14} Thompson's two assignments of error raise issues involving the sufficiency and manifest weight of the evidence presented below. Because we find the issues raised in Thompson's first and second assignments of error are closely related for ease of discussion we shall address the assignments of error together.

{¶15} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.;* see also *McDaniel v. Brown*, _U.S._, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry,* 125 Ohio St.3d 163, 926 N.E.2d

1239, 2010–Ohio–1017, ¶ 146; *State v. Clay,* 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶ 68.

{¶16} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio-355. Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis sic.) *Id.* at 387, 678 N.E.2d 541, quoting *Black's Law Dictionary (6th Ed. 1990)* at 1594.

{¶17} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. *Id.* at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra,* 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983).

Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*

**{¶18}** In the case at bar, Thompson was convicted of unauthorized use of a vehicle. R.C. 2913.03 provides, in relevant part,

(A) No person shall knowingly use or operate an aircraft, motor vehicle, motorcycle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent.

(B) No person shall knowingly use or operate an aircraft, motor vehicle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent, and either remove it from this state or keep possession of it for more than forty-eight hours.

(C) The following are affirmative defenses to a charge under this section:

(1) At the time of the alleged offense, the actor, though mistaken, reasonably believed that the actor was authorized to use or operate the property.

(2) At the time of the alleged offense, the actor reasonably believed that the owner or person empowered to give consent would authorize the actor to use or operate the property.

(D)(1) Whoever violates this section is guilty of unauthorized use of a vehicle.

**{¶19}** R.C. 2901.22(B) provides that "a person acts knowingly, regardless of his purpose when he is aware that his conduct will probably cause a certain result or will be

of a certain nature. A person has knowledge of the circumstances when he is aware that such circumstances probably exist."

**{¶20}** "Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." *State v. Huff,* 145 Ohio App.3d 555, 563, 763 N.E.2d 695(2001). (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." *State v. McDaniel,* 2nd Dist. No.6221, 1998 WL 214604, (citing *State v. Elliott,* 104 Ohio App.3d 812, 663 N.E.2d 412(1995)).

**{¶21}** Thompson argues that he believed that he had lawful possession of the vehicle based upon any one of three scenarios. First, Andrew Mizisin gave Thompson a receipt for the car, stating that Thompson purchased the vehicle from Andrew Mizisin for $175.00 on May 9, 2011. Second, Thompson contends that a valid artisan's lien existed because the OSHP called for the car to be removed from the accident scene and stored pending conclusion of its investigation. Finally, Thompson argues Mark Grafton removed personal items from the vehicle along with the license plates and Andrew Mizisin stated that he had been told by Lloyd's Towing that Mark Grafton wanted to exchange the car for the tow bill.

**{¶22}** Under R.C. 4513.63 an "abandoned junk vehicle" is defined as a vehicle that is left on private property for forty-eight hours or longer without the permission of the person having the right to the possession of the property; the vehicle is three years old, or older; there is extensive damage to the vehicle; the vehicle is apparently

inoperable; and the vehicle has a fair market value of one thousand five hundred dollars or less.

{¶23} In the case at bar, Richard Grafton owned the vehicle, which is evidenced by a Certificate of Title in his name. Neither A & C Towing nor Thompson ever contacted Mark Grafton or Stacey Towe as the next-of-kin to the title owner to inform them of the money owed for the tow or storage bill. Neither Thompson nor A&C Towing ever acquired a certificate of title to the motor vehicle.

{¶24} Thompson contends that because Mark Grafton removed personal property from the vehicle and Mizisin testified that someone at Lloyd's Towing that Mark had told him wanted to exchange the vehicle for the tow bill his actions were justifiable, either because the vehicle had been abandoned or because he had an artisan's lien for towing the vehicle.

{¶25} However, during a discussion between Thompson and Mezisin regarding disposition of the vehicle Mezisin also advised Thompson,

Well, on ah, the 9th of May Mr. Thompson had asked me what, what was A and C [sic.] going to do with the vehicle because by the 9th we hadn't heard from anybody ah, in fact ah, ah, I, I knew that the ah, guess the driver of the vehicle was in the hospital and ah, ah, I never bothered to call anybody because I felt, you know, that was the least of their worries, is the car. But anyhow, Mr. Thompson asked me what, what I was going to do with the vehicle and could he buy it. And ah, we pay our drivers on a ah, ah, percentage basis. They don't work on an hourly basis. So I told him, I said, well, ah, if you want to pay A and C's [sic.] portion of the bill ah that

would, you know we could do that. And ah, Mr. Thompson had told me that he knew Mr. Grafton and ah, they had grown up together and the one thing that I told him at that time, that if we did that that he needed to see Mr. Grafton about getting the title for the vehicle.

T. at 67-68.

**{¶26}** Pursuant to R.C. Section 4513.61, if a vehicle is stored in possession of law enforcement officers, law enforcement must send notice to an owner or lien holder of the vehicle by certified mail. If the vehicle is not claimed within ten days of the date of mailing notice and the vehicle is to be disposed of at public auction, then a salvage certificate of title may be issued to law enforcement. Here, law enforcement had released the vehicle because the investigation was completed. There is no dispute notice was never sent to Mark Grafton or Stacey Towe as the next-of-kin to the title owner. No salvage title was ever acquired for the vehicle.

**{¶27}** Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Thompson had committed the crime of unauthorized use of a vehicle. We hold, therefore, that the state met its burden of production regarding each element of the crime and, accordingly, there was sufficient evidence to support Thompson's conviction.

**{¶28}** Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai*, 7th Dist. No. 07 MA 198, 2008-Ohio-6635, ¶31, quoting *State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964, ¶ 81.

In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. No. 99 CA 149, 2002-Ohio-1152, at ¶ 13, citing *State v. Gore* (1999), 131 Ohio App.3d 197, 201, 722 N.E.2d 125.

**{¶29}** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶118. Accord, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". *State v. Craig*, 10th Dist. No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) citing *State v. Nivens*, 10th Dist. No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the [judge] need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. No. 02AP-604, 2003- Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. No. 02AP-1238, 2003-Ohio-2889, citing *State v. Caldwell* (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks, supra*.

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

**{¶30}** In *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E. 2d 118 (1954), the Supreme Court further cautioned,

The mere number of witnesses, who may support a claim of one or the other of the parties to an action, is not to be taken as a basis for resolving disputed facts. The degree of proof required is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the character of the testimony itself. Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of the statements made, are all tests of testimonial value. Where the evidence is in conflict, the trier of facts may determine what should be accepted as the truth and what should be rejected as false. *See Rice v. City of Cleveland,* 114 Ohio St. 299, 58 N.E.2d 768.

161 Ohio St. at 477-478. (Emphasis added).

**{¶31}** We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The judge as the trier of fact was in the best position to evaluate this competent, credible evidence, and we will not substitute our judgment for that of the trier of fact. The judge neither lost his way nor created a miscarriage of justice in convicting Thompson of the charge.

**{¶32}** Thompson's first and second assignments of error are overruled in their entirety.

**{¶33}** The judgment of the Cambridge Municipal Court, Guernsey County, Ohio is affirmed.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

WSG:clw 0709

[Cite as *State v. Thompson*, 2012-Ohio-3540.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KENNY E. THOMPSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-40 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS