[Cite as *State v. Eslich*, 2014-Ohio-4640.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2014CA00067 |
| AMBER ESLICH | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal appeal from the Canton Municipal
                                                      Court, Case No. 2014CRB00089


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT ENTRY:          October 20, 2014


APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

ROBERT ZEDELL                            REGINA FRANK
Visiting City Prosecutor                   Stark County Public Defender
1516 18th St. N.W.                          201 Cleveland Ave. S.W., Ste 104
Canton, OH 44703                          Canton, OH  44702

*Gwin, P.J.*

{¶1} Appellant Amber Rae Eslich ["Eslich"] appeals her conviction and sentence for one count of Soliciting for Prostitution a misdemeanor of the third degree in violation of R.C. 2907.24 (A) following a jury trial in the Canton Municipal Court.

*Facts and Procedural History*

{¶2} The Louisville Police Department began their investigation following complaints of heavy foot traffic into a house in Louisville, Ohio. Louisville Police spent several weeks surveying the property and when their investigation was unproductive, they contacted Canton Vice. Meanwhile the Louisville Police Department connected the residence's owner, Eslich, to a series of ads advertising massages on Backpage.com. Detective Gaug of the Special Investigation Unit of the Canton Police Department was ultimately assigned to assist in the investigation.

{¶3} Officer Cory Kidwell testified that he contacted the telephone number associated with the web site and spoke to Eslich. Having had contact with her on several previous occasions, he was able to identify her by her voice as Eslich. He also testified as to the content of advertisements placed on the website Backpage.com where Eslich described herself as an "experienced seductress." The advertisement also contained a disclaimer advising the reader that any money exchanged is for companionship only and that the reader agrees that he is not affiliated with any type of law enforcement.

{¶4} Detective Gaug testified that he called Eslich and scheduled an appointment for a massage. After arriving at the residence and before beginning the massage, Eslich asked the Detective if he was a police officer. She then placed his

hand on her breast to satisfy herself that he was not a law enforcement officer. After starting the massage, Eslich took off her dress. Detective Gaug then started to talk to her about sex acts but she would not discuss a price for those acts. Eslich observed the detective's cell phone and asked to remove it from the room because it was making her nervous. Eslich then removed all of her clothing and continued massaging the detective. At that time, she began to perform oral sex on the detective but stopped when the detective told her it was making him uncomfortable. The detective again asked her if a sex act would cost more and how much it would cost. Eslich responded that a "hand release" was included in the price of the massage but a tip was expected for any extra service.

{¶5} Eslich testified that after she began the massage and Detective Gaug began inquiring as to the cost of extra services he could receive during the massage; however, Eslich refused to discuss the matter. Eslich testified that she told the Detective she knew some girls offered sexual services like "hand releases" during massages but she was not going to discuss such an arrangement. At the point in the massage where Eslich instructed the Detective to turn over so she could massage his front, he was visibly sexually aroused. Eslich admits that she began, with no prior discussion, to perform oral sex on the Detective but stopped when he voiced discomfort. The Detective continued to question Eslich as to the cost of a hand release or oral sex, expressing concern he would not have enough money to pay or would be perceived as cheap. Eslich reassured the Detective the cost of the massage would be $100.00 as discussed but that a tip of $20.00 to $40.00 would also be appropriate.

**{¶6}** Eslich maintained that at no point prior to the beginning of the massage was any sexual activity discussed or bargained for. Eslich contended that while the encounter may have been sensual in nature, it was never negotiated as a sexual encounter.

**{¶7}** The jury returned a unanimous verdict of guilty on one count of soliciting for prostitution. Eslich was sentenced to sixty days in the Stark County Jail with thirty days of that sentence suspended.

*Assignment of Error*

**{¶8}** Eslich raises one assignment of error,

**{¶9}** "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL AS THE FINDING APPELLANT SOLICITED ANOTHER TO ENGAGE IN SEXUAL ACTIVITY FOR HIRE WAS SUPPORTED BY INSUFFICIENT EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE ."

*Analysis*

**{¶10}** In her sole assignment of error, Eslich alleges that the trial court erred in not granting her Crim. R. 29 motion for acquittal at the conclusion of the State's case. In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. See, e.g., *State v. Carter*, 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 974(1995); *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492(1991).

**{¶11}** Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct.

2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶146; *State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶68.

**{¶12}** Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio–355. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue, which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) Id. at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed. 1990) at 1594.

**{¶13}** When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely

substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, supra, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id.

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

> \* \* \*

> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶14} There is no dispute in the case at bar that a sexual act occurred. Eslich argues that any such act was consensual.

{¶15} The charge against Eslich was soliciting, in violation of R.C. 2907.24, which states, "[n]o person shall solicit another to engage with such other person in sexual activity for hire." Three elements make up the offense: (1) the accused's solicitation of another, (2) to engage in sexual activity, (3) for hire. Eslich contends that

the first element is the only one in question here. "Solicit" is defined as "to entice, urge, lure or ask." Eslich argues the state failed to prove that she engaged in a discussion or negotiation for the performance of a specific sex act in exchange for consideration.

{¶16} If the state relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction." *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E. 2d 492(1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, *80 Ohio St.3d 89, 684 N.E.2d 668 (1997).* "Circumstantial evidence and direct evidence inherently possess the same probative value [.]" *Jenks*, 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, "[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt." *Jenks*, 61 Ohio St.3d at 272, 574 N.E. 2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. *State v. Lott*, 51 Ohio St.3d 160, 168, 555 N.E.2d 293(1990), citing *Hurt v. Charles J. Rogers Transp. Co*, 164 Ohio St. 329, 331, 130 N.E.2d 820(1955). Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. *Lott,* 51 Ohio St.3d at 168, 555 N.E.2d 293, citing *Hurt,* 164 Ohio St. at 331, 130 N.E.2d 820.

{¶17} The jury heard evidence from Officer Kidwell and Detective Gage that the advertisement for services used by Eslich included a disclaimer that the person requesting services was "not affiliated with any type of law enforcement or using this for

entrapment." (T. at 49; 60). The jury further heard evidence that oral sex had occurred. The jury further heard evidence that the detective asked her if a sex act would cost more and how much it would cost. Eslich responded that a "hand release" was included in the price of the massage but a tip was expected for any extra service.

**{¶18}** Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Eslich committed the crime of soliciting. We hold, therefore, that the state met its burden of production regarding each element of the crime of soliciting and, accordingly, there was sufficient evidence to submit the charge to the jury as the trier of fact and to support Eslich's conviction.

**{¶19}** Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai,* 7th Dist. Mahoning No. 07 MA 198, 2008-Ohio-6635, ¶31, *quoting State v. Woullard,* 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964 (2nd Dist. 2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. Mahoning No. 99 CA 149, 2002-Ohio-1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

**{¶20}** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-

Ohio-6524, 960 N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

{¶21} The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the jury need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, supra.

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

\* \* \*

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent

with the verdict and judgment, most favorable to sustaining the verdict and

judgment."

*Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn.

3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978).

{¶22}  In *Cross v. Ledford,* 161 Ohio St. 469, 477, 120 N.E. 2d 118 (1954), the

Supreme Court further cautioned,

> The mere number of witnesses, who may support a claim of one or
> the other of the parties to an action, is not to be taken as a basis for
> resolving disputed facts. The degree of proof required is determined by
> the impression which the testimony of the witnesses makes upon the trier
> of facts, and the character of the testimony itself. Credibility, intelligence,
> freedom from bias or prejudice, opportunity to be informed, the disposition
> to tell the truth or otherwise, and the probability or improbability of the
> statements made, are all tests of testimonial value. *Where the evidence is
> in conflict, the trier of facts may determine what should be accepted as the
> truth and what should be rejected as false.* See *Rice v. City of Cleveland*,
> 114 Ohio St. 299, 58 N.E.2d 768.

161 Ohio St. at 477-478. (Emphasis added).

> A fundamental premise of our criminal trial system is that "the [trier
> of fact] is the lie detector." *United States v. Barnard,* 490 F.2d 907, 912
> (9th Cir. 1973) (emphasis added), cert. denied, 416 U.S. 959, 94 S.Ct.
> 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of
> witness testimony, therefore, has long been held to be the "part of every

case [that] belongs to the [trier of fact], who [is] presumed to be fitted for it by [his] natural intelligence and their practical knowledge of men and the ways of men." *Aetna Life Ins. Co. v. Ward,* 140 U.S. 76, 88, 11 S.Ct. 720, 724-725, 35 L.Ed. 371 (1891).

*United States v. Scheffer* (1997), 523 U.S. 303, 313, 118 S.Ct. 1261, 1266-1267(1997).

{¶23}   We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The jury neither lost his way nor created a miscarriage of justice in convicting Eslich of the charge.

{¶24}   Based upon the foregoing and the entire record in this matter, we find Eslich's conviction was not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury as a trier of fact can reach different conclusions concerning the credibility of the testimony the officers and Eslich. This court will not disturb the trier of facts finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The jury heard the witnesses, evaluated the evidence, and was convinced of Eslich's guilt.

{¶25} Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime beyond a reasonable doubt.

{¶26} Eslich's sole assignment of error is overruled.

{¶27} The judgment of the Canton Municipal Court, Stark County, Ohio is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur